■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS OLIVO, Appellant. [749 NYS2d 420] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered February 4, 1998, convicting defendant, after a jury trial, of attempted escape in the first degree, and sentencing him, as a second felony offender, to a term of $1^{3}/_{4}$ to $3^{1}/_{2}$ years, unanimously affirmed.

In this attempted escape case where the People were required to prove that defendant was serving a sentence for a felony, the court, with defendant's express consent, read to the jury a certificate of disposition establishing that defendant was convicted of a felony in 1990, without identifying the felony. Defendant now complains, for the first time on appeal, that, since the attempted escape occurred in 1997, the jury was thus informed that he was serving a sentence of at least seven years, and that this indicium of the seriousness of the felony was unduly prejudicial. This argument is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that defendant's claim that the jury would draw an inference of criminal propensity from the length of his sentence rests on speculation (*cf. People v Flores*, 210 AD2d 1, 2, *lv denied* 84 NY2d 1031). Concur—Tom, J.P., Andrias, Saxe, Rubin and Friedman, JJ.